**Richard F. DAVET, Plaintiff,**

v.

**Enrico MACCARONE, Samuel Schlageter, Salvatore DeCesare, Robert A. DiMeo and Time Plating, Inc., Defendants.**

Civ. A. No. 89–0110 P.

United States District Court,
D. Rhode Island.

March 29, 1993.

Kevin Brill, Corrente, Brill & Kusinitz, Providence, RI, for plaintiff.

Marc DeSisto, Providence, RI, for defendants Maccarone, Schlageter & DeCesare.

Gerard McG. DeCelles, Providence, RI, for defendants DiMeo & Time Plating.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Plaintiff Richard F. Davet has filed a motion for attorney's fees and costs under 42 U.S.C. § 1988. This motion comes in the wake of a First Circuit decision affirming various rulings of this Court made at the jury trial in the above-captioned case. *Davet v. Maccarone*, 973 F.2d 22 (1st Cir.1992). For the reasons stated below, I deny plaintiff's motion and award him no fees or costs.

### I.

In capsule form, the facts of this case are as follows. Mr. Davet, president of Ringco Manufacturing Co., Inc., engaged in a dispute with Robert A. DiMeo, president of Time Plating, Inc., concerning the plating of certain jewelry. As a consequence, Davet stopped payment on a check remitted as payment for plating work done by Ringco. DiMeo threatened Davet with criminal prosecution for issuing a bad check if it was not honored. The stop payment order was not removed, and DiMeo brought the matter to the attention of the police department. An arrest warrant was then issued. Without detailing the written and verbal exchange between the parties, which is not relevant to the issue at hand, it suffices to say Davet was eventually arrested while attending a jewelry show in Providence. He spent one night in jail before posting bail. All criminal charges against him were subsequently dismissed by the State Attorney General.

The plaintiff then brought this action against the City of Cranston, three police officers (Enrico Maccarone, Samuel Schlageter and Salvatore DeCesare), Robert A. DiMeo, a civilian, and his corporation, Time Plating, Inc. The Complaint included a false arrest allegation, and federal jurisdiction was premised on 42 U.S.C. § 1983. Pendent to this case were state claims of malicious prosecution and false arrest.

For reasons I need not reiterate here, I ruled that none of the officers were entitled to qualified immunity and directed a verdict for the plaintiff on all of the § 1983 claims and against DiMeo on the state claim of false arrest. Since the claim against DiMeo was predicated on joint liability with the defendant officers, he, as a civilian, had no immunity defense. Only the question of damages for the false arrest and liability for malicious prosecution were submitted to the jury.

At trial, Davet described the anguish and anxiety he experienced while lying awake in a "filthy prison cell." No evidence of physical symptomatology, however, was introduced. This absence of physical consequences raised the question of whether or not under Rhode Island law there is an entitlement to damages for a tort that causes emotional harm but does not trigger any physical impairment. Without resolving the issue, I gave the benefit of the doubt to the plaintiff and instructed the jurors that they could make an award for emotional harm. They were told that Mr. Davet could recover "for physical pain that he might have suffered, mental pain which may have been caused by false arrest, emotional anguish, psychological distress." I further instructed the jurors that they could award, if they saw fit, only nominal damages. The jurors decided not to award compensatory or nominal damages.

Notwithstanding the absence of a monetary award, plaintiff's counsel now contends that his client is a "prevailing party" under 42 U.S.C. § 1988 since a verdict was directed in his favor on his false arrest claim.

## II.

It is a delightfully rare experience for a judge to find a single unassailable precedent directly relevant to the issue at hand. *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) is just such authority.

In *Farrar*, coadministrators of decedent Joseph Farrar's estate sought $17 million in compensatory damages, pursuant to 42 U.S.C. §§ 1983 and 1985, from Hobby and other Texas public officials for the alleged illegal closure of the school Farrar and his son operated. After a jury trial, the district court ordered that "Plaintiffs take nothing, that the action be dismissed on the merits, and that the parties bear their own costs." —— U.S. at ——, 113 S.Ct. at 570. The case was appealed to the Fifth Circuit Court of Appeals, which remanded the case for entry of judgment against Hobby for nominal damages because the jury found that Hobby had deprived Joseph Farrar of a civil right. The district court judge then awarded a rather substantial amount that ultimately reached the United States Supreme Court for consideration.

I need not discuss why the Supreme Court ultimately concluded that there was no entitlement to a fee. What is controlling here and strikes at the jugular, as we often say in rhetorical fashion, is its unambiguous declaration that:

> ... to qualify as a prevailing party [under § 1988] a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement.... In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

—— U.S. at ——, 113 S.Ct. at 572 (citations omitted).

Thus, in order to be a prevailing party, an enforceable judgment or comparable relief must be obtained. In the case at hand, the plaintiff did not obtain a judgment, even

though the jury was told it could have returned nominal damages. As the First Circuit noted in its opinion affirming this Court's rulings at trial: "Presumably, by refusing to find even nominal damages, the jury decided not to confirm the district court's ruling that a false arrest had occurred." *Davet*, 973 F.2d at 28. It follows, then, that the plaintiff was not a prevailing party and thus no fee award can be made under § 1988.

### III.

Despite my ruling here, I should note that the *Farrar* Court, quoting *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), stated:

We have also held, however, that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey, supra*, 435 U.S., at 266, 98 S.Ct., at 1054. The awarding of nominal damages for the "absolute" right to procedural due process "recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." 435 U.S., at 266, 98 S.Ct., at 1054 *Thus, Carey obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury.*

—— U.S. at ——, 113 S.Ct. at 573 (emphasis added). If the present case had been a bench trial, I presumably "would have awarded at least nominal damages to acknowledge the violation of plaintiff's civil rights." *Davet*, 973 F.2d at 30. As indicated above, however, I am constrained by the jury's decision not to award nominal damages.

But even assuming I had the authority to award nominal damages, *Farrar* strongly suggests that no fee award would be appropriate in this case. As the Court stated: "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for *monetary relief,* the only reasonable fee is usually no fee at all." —— U.S. at ——, 113 S.Ct. at 575 (citation omitted) (emphasis added). Here, the plaintiff, in his argument to the jury, asked them to award damages in the amount of $50,000; instead, they gave him zero. This suit accomplished little beyond giving the plaintiff the moral satisfaction of knowing that a federal court judge concluded that he had been falsely arrested. *See Farrar*, —— U.S. at ——, 113 S.Ct. at 574.

### IV.

Counsel who take fee-generating § 1983 cases are to be commended. However, the strictures of decisional law circumscribe the amount, if any, of the award. In this case, the plaintiff failed to obtain an enforceable monetary judgment against the defendant, despite my directed verdict on false arrest. Without this judgment, the plaintiff cannot be considered a "prevailing party," and is not entitled to attorney's fees under § 1988.

**SO ORDERED:**